| | |
|---|---|
| RICHARD IDEN, | Case No. 3:20-cv-00109-APG-WGC |
| Plaintiff, | |
| v. | **ORDER** |
| T. HANF, *et al.,* | |
| Defendants. | |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Plaintiff Richard Iden is an inmate in the custody of the Nevada Department of Corrections (NDOC). On February 18, 2020, Iden filed a "notice" of a civil rights complaint. ECF No. 1-1. On February 20, 2020, Magistrate Judge Cobb ordered Iden to file a complaint within 45 days. ECF No. 3 at 2. The 45-day period has now expired, and Iden has not filed a complaint.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming

dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and my interest in managing the docket) weigh in favor of dismissal. The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Judge Cobb's order expressly stated: "IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, dismissal of this action may result." ECF No. 3 at 2. Thus, Iden had adequate warning that dismissal would result if he did not comply with Judge Cobb's order.

I THEREFORE ORDER that this action is dismissed without prejudice based on plaintiff Richard Iden's failure to file a complaint with this court in compliance with Magistrate Judge Cobb's order dated February 20, 2020.

I FURTHER ORDER the Clerk of Court to close the case and enter judgment accordingly.

Dated: April 14, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE